JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jerry Wilhoite, appeals his sentence imposed by the common pleas court after pleading guilty to assault on a peace officer and attempted bribery. For the reasons that follow, we vacate the sentence and remand for resentencing.
 {¶ 2} On January 23, 2003, a two-count indictment was filed against appellant by the Cuyahoga County Grand Jury, in Case No. CR-432708. Count One charged him with assault on a peace officer, in violation of R.C. 2903.13, and Count Two charged him with bribery, in violation of R.C. 2921.02. Appellant entered pleas of not guilty to both counts.
 {¶ 3} On May 3, 2003, appellant withdrew his initial pleas and entered pleas of guilty to one count of assault on a peace officer, a felony of the fourth degree, and to one count of attempted bribery, in violation of R.C. 2921.02/2923.02, also a felony of the fourth degree. Count One was also amended to include the language "in furtherance of the peace officer's official duties."
 {¶ 4} On May 28, 2003, the trial court determined that appellant was not entitled to the minimum sentence and ordered him to serve 17 months in prison on each of count of his conviction, to be run consecutively. On August 29, 2003, appellant was granted judicial release and placed on community control sanctions. He later violated his community control sanctions and was sent back into a drug rehabilitation program.
 {¶ 5} On January 14, 2005, appellant pleaded no contest and was found guilty of possession of crack cocaine in Case No. CR-459005. Pursuant to that conviction, he was sentenced to one year of community control sanctions and continued community control sanctions in CR-432708. Appellant again violated his community control sanctions, and the trial court reimposed the balance of his prison sentence for CR-432708. The trial court also sentenced him to six months in prison pursuant to CR-459005, to be run concurrent with his sentence in CR-432708.
 {¶ 6} Appellant appeals his sentence asserting the following assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY ORDERING CONSECUTIVE SENTENCES WITHOUT MAKING THE APPROPRIATE FINDINGS."
 {¶ 8} In this assignment of error, appellant argues that the trial court erred when it ordered his original sentences in CR-432708 to run consecutively without making the appropriate findings. The Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, renders appellant's assignment of error without merit for the purposes of this appeal. In Foster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(E)(4) and2929.41(A) dealing with consecutive sentences, and severed the offending portions from the statutes. As a result, trial courts have full discretion to order multiple sentences to be run consecutively and are no longer required to make findings or state reasons for doing so. Foster, supra.
 {¶ 9} Because appellant's consecutive sentence was based on unconstitutional statutes, it is deemed void. Therefore, in accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate appellant's sentence and remand this case to the trial court for a new sentencing hearing.
Sentence vacated, cause remanded for resentencing.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O. Calabrese, Jr., J., and Blackmon, J., concur.